Irvin Merlin, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Burton A. Rose,* with him *A. Charles Peruto, Peruto, Ryan and Vitullo,* for appellant.

*John H. Martin,* with him *Parker H. Wilson, Wilson, Oehrle, Drayer & Furber,* for appellee, Lower Merion Township.

OPINION BY JUDGE CRAIG, February 11, 1983:

By way of preliminary objection in this eminent domain case, Irvin Merlin challenged the formal condemnation of his property by Lower Merion Township in 1975 on the ground that its adoption of a floodplain ordinance in 1973 had earlier constituted a de facto taking of his unimproved lots, thereby entitling him to have compensation computed as of, and from, 1973.[1]

The Montgomery County Court of Common Pleas dismissed Mr. Merlin's preliminary objection because he failed to prove that Lower Merion's adoption of the flood plain ordinance interfered with his use and enjoyment of the property; we affirm on other grounds.[2]

Our decisions in *Kraiser v. Horsham Township,* 72 Pa. Commonwealth Ct. 16, 455 A.2d 782 (1983), *Wyoming Borough v. Wyco Realty Co.,* 64 Pa. Commonwealth Ct. 459, 440 A.2d 696 (1982), and *Gaebel v. Thornbury Township,* 8 Pa. Commonwealth Ct. 399, 303 A.2d 57 (1973) control here. In those decisions, we held that when a landowner asserts that a zoning change has confiscated or unduly restricted his use of property, he cannot seek damages under the

---

[1] The common pleas court also held that, under its eminent domain authority, Lower Merion formally condemned Mr. Merlin's property in 1975.

[2] We may affirm the decision of a trial court if the result is correct on any ground, apart from the ground that the trial court itself relied upon. *E. J. McAleer & Co., Inc. v. Iceland Products, Inc.,* 475 Pa. 610, 381 A.2d 441 (1977).

Eminent Domain Code;[3] rather, as his exclusive remedy, that landowner must challenge the substantive validity of the zoning ordinance under the Pennsylvania Municipalities Planning Code.[4]

Mr. Merlin did not challenge the validity of the 1973 zoning ordinance. Because we must rule out a de facto taking by the regulatory ordinance as of 1973, as a matter of law, we affirm the common pleas court's dismissal of his preliminary objection.

### ORDER

Now, February 11, 1983, the order of the Court of Common Pleas of Montgomery County, No. 76-12725, is hereby affirmed.

---

[3] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101 — 1-903.

[4] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101 — 11202. As we noted in *Wyoming Borough*, the Supreme Court of California reached a similar holding in *Agins v. City of Tiburon,* 24 Cal. 3d 266, 598 P.2d 25, 157 Cal. Rptr. 372 (1979), concluding that a landowner who is the victim of an excessive use of the police power may not recover damages for a de facto taking but must seek to invalidate the zoning regulation. On appeal, the United States Supreme Court, at 447 U.S. 255 (1980), affirmed the California Supreme Court in *Agins,* and held that the enactment of a zoning ordinance could not be considered a taking of property without just compensation.