COMMONWEALTH of Pennsylvania, OFFICE OF ATTORNEY GENERAL By Thomas W. CORBETT, Jr., Attorney General, Plaintiff

v.

LOCUST TOWNSHIP and Locust Township Board of Supervisors, Defendants.

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2006.

Decided Jan. 25, 2007.

Michael T. Killion, Deputy Attorney General, Harrisburg, for plaintiff.

Anthony R. Sherr, Blue Bell, for defendants.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge (P.), and FRIEDMAN, Judge.

OPINION BY Judge FRIEDMAN.

Before this court are the preliminary objections filed by Locust Township and the Locust Township Board of Supervisors (Township) in response to the Petition for Review (Petition) filed in this court's original jurisdiction by the Commonwealth of Pennsylvania, Office of Attorney General by Thomas W. Corbett, Jr., Attorney General (Attorney General).

Chapter three of the Agricultural Code, (ACRE), 3 Pa.C.S. §§ 311–318, which took effect July 6, 2005, deals with local regulation of normal agricultural operations so that such operations are consistent with state policies and statutes. To that end, section 313 of ACRE, in relevant part, provides:

> (a) Adoption and enforcement of unauthorized local ordinances.—A local government unit *shall not adopt nor enforce an unauthorized local ordinance.*[1]
>
> (b) *Existing local ordinances.*—This chapter [ACRE] shall apply to *the enforcement of local ordinances existing on the effective date of this section* and to the enactment or enforcement of local ordinances enacted on or after the effective date of this section.

3 Pa.C.S. § 313 (emphasis added). On or about October 18, 2005, pursuant to section 314(a) of ACRE, 3 Pa.C.S. § 314(a),[2] an agricultural entity located in Locust Township requested the Attorney General to

---

1. Section 312 of ACRE defines an "unauthorized local ordinance" as:

   [a]n ordinance enacted or enforced by a local government unit which does any of the following:
   (1) *Prohibits or limits a normal agricultural operation unless the local government unit:*
   (i) has expressed or implied authority under State law to adopt the ordinance; and
   (ii) is *not prohibited or preempted under State law* from adopting the ordinance.
   (2) Restricts or limits the ownership structure of a normal agricultural operation.

   3 Pa.C.S. § 312 (emphasis added).

2. Section 314(a) of ACRE provides:

   [a]n owner or operator of a normal agricultural operation may request the Attorney General to review a local ordinance believed to be an unauthorized local ordinance and to consider whether to bring legal action under section 315(a) (relating to right of action).
   3 Pa.C.S. § 314(a).

review the Locust Township Ordinance (Ordinance), adopted on or about August 23, 2001, and determine whether to bring legal action against the Township. (Petition ¶¶ 6, 19; Exh. B.) Following his review, the Attorney General filed the Petition pursuant to section 315(a) of ACRE, 3 Pa.C.S. § 315(a), asserting that the Ordinance violates ACRE.[3] In the Petition, the Attorney General seeks declaratory and injunctive relief, asking this court to invalidate the provisions of the Ordinance which violate or are preempted by state law and to enjoin the Township from attempting to enforce the challenged provisions of the Ordinance.[4] The Attorney General does not allege in the Petition that the Township has attempted to apply or enforce any of the challenged sections of the Ordinance.

The Township responded by filing preliminary objections to the Petition, in which the Township, *inter alia,* challenges this court's subject matter jurisdiction and asserts that there is no ripe case or controversy before the court to decide.

---

**3.** Section 315(a) of ACRE authorizes the Attorney General to bring an action against a local government unit in Commonwealth Court to invalidate an unauthorized local ordinance or enjoin the enforcement of an unauthorized local ordinance. 3 Pa.C.S. § 315(a).

**4.** The Attorney General challenges sections 302, 503(a), (d), (f)-(h), (j), Parts 3(a)-(b) and Part 5 of the Ordinance. These sections all pertain to intensive animal agriculture operations, defined as, *inter alia,* the keeping, housing, confining, raising, feeding, production or other maintaining of livestock or poultry animals when, on an annualized basis, there exists more than 150 Animal Equivalent Units on the agricultural operation, regardless of the actual acreage owned, used or otherwise available for use. (Petition ¶¶ 7–18; Exh. A at 2.) The Attorney General avers that these sections of the Ordinance are invalid under ACRE and/or are preempted by the Nutrient Management Act, 3 Pa.C.S. §§ 501–522, section 3136 of the Water Resources Planning

The Township requests that the court dismiss the Petition with prejudice.[5]

## I. Subject Matter Jurisdiction

The Township recognizes that section 315(a) of ACRE authorizes the Attorney General to bring an action to invalidate a local ordinance in Commonwealth Court's original jurisdiction. Nevertheless, the Township asserts that this court does not have subject matter jurisdiction over the present matter because the challenged Ordinance is a *land use* ordinance governed by the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202. The Township relies on *Merlin v. Commonwealth,* 72 Pa.Cmwlth. 45, 455 A.2d 789 (1983), for the proposition that section 909.1(a)(1) of the MPC vests *exclusive* jurisdiction in the local zoning hearing boards (ZHB) to hear and render final adjudications regarding substantive challenges to the validity of any land use ordinance. 53 P.S. § 10909.1(a)(1).

---

Act, 27 Pa.C.S. § 3136, the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202, the Agricultural Area Security Law, Act of June 30, 1981, P.L. 128, *as amended,* 3 P.S. §§ 901–915, and the act commonly known as the Right to Farm Law, Act of June 10, 1982, P.L. 454, *as amended,* 3 P.S. §§ 951–957. (Petition ¶¶ 31–39, 41–42, 44–45, 47–48 and 50–51.)

**5.** In ruling on preliminary objections, the court must accept as true all well-pled allegations of material fact as well as all inferences reasonably deducible therefrom. *Department of General Services v. Board of Claims,* 881 A.2d 14 (Pa.Cmwlth.2005). However, the court need not accept conclusions of law or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party by refusing to sustain the preliminary objections. *Id.*

■ The Township also contends that *if* ACRE *does* vest this court with nonexclusive jurisdiction to review *land use* ordinances,[6] the rules of statutory construction require that this court decline to accept jurisdiction here. The Township reasons that ACRE's grant of general, nonexclusive jurisdiction in the Commonwealth Court conflicts with the particular and exclusive jurisdiction vested in the ZHB by section 909.1(a)(1) of the MPC and that the conflict should be resolved by recognizing the jurisdiction of the ZHB. Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933 (stating the principle of statutory construction that the particular governs the general). Moreover, the Township argues that the only way to give effect to the jurisdiction provisions of both the MPC and ACRE is to construe those provisions as leaving exclusive jurisdiction over *land use* ordinances in the ZHB while allowing the Attorney General to challenge all other *non-land use* ordinances in this court's original jurisdiction. *Id.* ("whenever a general provision in the statute shall be in conflict with a special provision in ... another statute, the two shall be construed, if possible, so that effect may be given to both"). Thus, according to the Township, if the Attorney General wishes to challenge the substantive validity of the Ordinance, he must do so before the ZHB and not in this court. We disagree with the Township.

■ Instead, we agree with the Attorney General that the MPC and ACRE do not conflict. The MPC provides for *administrative appeals* by *landowners.* Section 916.1 of the MPC, 53 P.S. § 10916.1 (stating that only a landowner or a person aggrieved may challenge the validity of a land use ordinance on substantive grounds).[7] On the other hand, ACRE applies to *original actions* by the *Attorney General.* Section 315(a) of ACRE, 3 Pa. C.S. § 315(a) (authorizing the *Attorney General,* in his *official capacity,* to bring an *original action* against the local governmental unit challenging the validity of an ordinance *in this court,* regardless of whether he is a "landowner" or "a person aggrieved").

Moreover, section 761(a)(2) of the Judicial Code states that "the Commonwealth Court shall have original jurisdiction of *all civil actions or proceedings:* By the Commonwealth government, *including any officer thereof, acting in his official capacity,* except eminent domain proceedings...." 42 Pa.C.S. § 761(a)(2) (emphasis added). In addition, section 761(a)(4) of the Judicial Code states that the court shall have original jurisdiction when it *"is*

---

6. The Township notes that ACRE's provisions apply to "ordinances" generally; ACRE does not expressly address "land use ordinances" and does not expressly include "land use ordinances" in its definition of "unauthorized local ordinances."

7. There is no question that the Attorney General is not a "landowner" for the purposes of the MPC. For a party to be "aggrieved," the interest of the party who will be affected by the alleged illegal law must be distinguishable from the interest shared by all of the citizens. *Rouse & Associates—Ship Road Land Limited Partnership v. Pennsylvania Environmental Quality Board,* 164 Pa.Cmwlth. 326, 642 A.2d 642 (1994). In the present matter, because the interest of the Attorney General cannot be distinguished from the interest shared by all citizens, he is not a "person aggrieved." Therefore, contrary to the Township's suggestion, the Attorney General could not file an action challenging the validity of the Ordinance before the ZHB under the MPC.

For this reason, the Township's reliance on *Merlin* is misplaced because the petitioner in *Merlin,* unlike the Attorney General here, was a *landowner,* who could bring an action challenging the substantive validity of the ordinance pursuant to sections 909.1(a)(1) and 916.1 of the MPC. 53 P.S. §§ 10909.1(a)(1) and 10916.1.

*vested in the Commonwealth Court by any statute hereafter enacted.*" 42 Pa. C.S. § 761(a)(4) (emphasis added). Here, as authorized by section 315(a) of ACRE, the *Attorney General*, acting in his official capacity, is bringing a civil action against the Township in Commonwealth Court asserting that certain parts of the Ordinance are invalid as "unauthorized local ordinances." Because section 315(a) of ACRE and section 909.1(a)(1) of the MPC do not conflict, and because this court has subject matter jurisdiction over the present matter pursuant to ACRE and the Judicial Code, we overrule the Township's preliminary objection to this court's jurisdiction.

## II. Case or Controversy

The Township next asserts that there is no case or controversy before the court because the Petition fails to aver facts that the Ordinance has been applied or enforced in a manner inconsistent with state law and because the harm alleged by the Petition is purely speculative. According to the Township, unless and until the Ordinance has been applied, i.e., enforced, in a manner inconsistent with state law, the matter is not ripe and we should dismiss the Attorney General's facial challenge of the Ordinance. We agree.

Although section 315(a) of ACRE authorizes the Attorney General to bring an action challenging unauthorized local ordinances, section 313(b) of ACRE specifically addresses ACRE's application to ordinances that existed prior to the effective date of section 313 and states that with regard to such ordinances, ACRE applies only to their *enforcement.* 3 Pa.C.S. § 313(b). Here, the Ordinance was enacted on or about August 23, 2001, and ACRE

came into effect on July 6, 2005; therefore, before the Attorney General may act pursuant to ACRE, he must allege facts that indicate that the Township made an affirmative effort to apply or enforce the challenged provisions of the Ordinance. *See Commonwealth v. Lower Oxford Township,* 915 A.2d 685 (Pa.Cmwlth.2006).

After reviewing the Petition, we agree with the Township that the Petition fails to aver facts that state a ripe cause of action under ACRE; specifically, that the Township has attempted to apply or enforce the allegedly invalid provisions of the Ordinance.[8] Accordingly, we sustain the Township's preliminary objection and dismiss the Attorney General's Petition with prejudice.

## ORDER

AND NOW, this 25th day of January, 2007, the preliminary objection filed by Locust Township and the Locust Township Board of Supervisors objecting to this court's subject matter jurisdiction is hereby overruled. The preliminary objection filed by Locust Township and the Locust Township Board of Supervisors asserting that there is no ripe case or controversy for this court's review is hereby sustained, and the Petition for Review filed by the Commonwealth of Pennsylvania, Office of Attorney General By Thomas W. Corbett, Jr., Attorney General, seeking declaratory and injunctive relief is hereby dismissed with prejudice.

---

**8.** Because we have determined that there is no ripe case or controversy for this court to review and dismiss the Attorney General's Petition on this basis, we will not address the Township's remaining preliminary objections.