COMMONWEALTH of Pennsylvania, OFFICE OF ATTORNEY GENERAL by Thomas W. CORBETT, Jr., Attorney General, Plaintiff

v.

RICHMOND TOWNSHIP, and Richmond Township Board of Supervisors, Defendants.

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 2006.

Decided Feb. 20, 2007.

 

and the Richmond Township Board of Supervisors (Township) in response to the Petition for Review (Petition) filed in this court's original jurisdiction by the Commonwealth of Pennsylvania, Office of Attorney General by Thomas W. Corbett, Jr., Attorney General (Attorney General).

Chapter three of the Agricultural Code, (ACRE), 3 Pa.C.S. §§ 311–318, which took effect July 6, 2005, governs local regulation of normal agricultural operations so that such operations are consistent with state policies and statutes. To that end, section 313 of ACRE, in relevant part, provides:

(a) Adoption and enforcement of unauthorized local ordinances.—A local government unit shall not adopt nor enforce an unauthorized local ordinance.[1]

(b) Existing local ordinances.—This chapter [ACRE] shall apply to the enforcement of local ordinances existing on the effective date of this section and to the enactment or enforcement of local ordinances enacted on or after the effective date of this section.

3 Pa.C.S. § 313.

Michael T. Killion, Deputy Attorney General and Gregory R. Neuhauser, Sr., Deputy Attorney General, Harrisburg, for plaintiff.

Daniel E. Brannen, Jr., Centre Hall and Anthony R. Sherr, Blue Bell, for defendant, Richmond Township.

BEFORE: FRIEDMAN, Judge, KELLEY, Senior Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Before this court are the preliminary objections filed by Richmond Township

On March 28, 2005, Kervin and Mary Jane Weaver (the Weavers) filed a land use appeal before the Zoning Hearing Board of Richmond Township (ZHB), asserting that section 804.7 of the Zoning Ordinance of Richmond Township (Ordinance) violates and/or is preempted by various state laws.[2] That section of the Ordinance, enacted on or about August 14, 2000, contains, *inter alia,* a 1,500–foot set-

---

1. Section 312 of ACRE defines an "unauthorized local ordinance" as:

[a]n ordinance enacted or enforced by a local government unit which does any of the following:

(1) *Prohibits or limits a normal agricultural operation unless the local government unit:*

(i) has *expressed or implied authority under State law* to adopt the ordinance; and

(ii) is *not prohibited or preempted under State law* from adopting the ordinance.

(2) Restricts or limits the ownership structure of a normal agricultural operation.

3 Pa.C.S. § 312 (emphasis added).

2. There is no question that the Township has enforced section 804.7 of the Ordinance; in fact, the Township acknowledges that it used section 804.7 of the Ordinance to deny a landowner's application for a variance and special exception. (Township's brief at 1–2.)

back requirement for intensive agricultural operations and composting and manure disposal regulations. Following two hearings on the matter, the Weavers requested and received a stay in the proceedings before the ZHB so that they could request that the Attorney General review the Ordinance and determine whether to bring legal action against the Township.[3] (Petition at ¶¶ 6, 12; Exh. B.)

 Following his review, the Attorney General filed the Petition asking this court to invalidate section 804.7 of the Ordinance and to enjoin the Township from attempting to further enforce this Ordinance section.[4] In Count I of the Petition, the Attorney General alleges that section 804.7 of the Ordinance, on its face, violates ACRE. In Counts II–VI, the Attorney General alleges that section 804.7 of the Ordinance is preempted or prohibited by state law.[5] The Township responded by filing the following preliminary objections to the Petition and requesting that the court dismiss the Petition with prejudice.[6]

## I. Subject Matter Jurisdiction

 In its first preliminary objection, the Township challenges this court's subject matter jurisdiction. The Township recognizes that section 315(a) of ACRE authorizes the Attorney General to bring an action to invalidate a local ordinance in Commonwealth Court's original jurisdiction. Nevertheless, the Township asserts that this court does not have subject matter jurisdiction over the present matter because the challenged Ordinance is a *land use* ordinance governed by the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202. The Township relies on *Unger v. Township of Hampton,* 437 Pa. 399, 263 A.2d 385 (1970); *J.B. Steven, Inc. v. Council of the Borough of Edgewood,* 658 A.2d 1 (Pa.Cmwlth.1995); and *Merlin v. Commonwealth,* 72 Pa. Cmwlth. 45, 455 A.2d 789 (1983), for the proposition that section 909.1(a)(1), 53 P.S. § 10909.1(a)(1), of the MPC vests *exclusive* jurisdiction in the ZHB to hear and render final adjudications regarding substantive

---

3. Section 314(a) of ACRE provides:

 [a]n owner or operator of a normal agricultural operation may request the Attorney General to review a local ordinance believed to be an unauthorized local ordinance and to consider whether to bring legal action under section 315(a) (relating to right of action).
 3 Pa.C.S. § 314(a).

4. Section 315(a) of ACRE authorizes the Attorney General to bring an action against a local government unit in Commonwealth Court to invalidate an unauthorized local ordinance or enjoin the enforcement of an unauthorized local ordinance. 3 Pa.C.S. § 315(a).

5. The Attorney General avers that section 804.7 of the Ordinance is preempted or prohibited by the Nutrient Management Act (NMA), 3 Pa.C.S. §§ 501–522 (Count II), sections 2352 and 2389 of the Act known as the

Domestic Animal Law, 3 Pa.C.S. §§ 2352, 2389 (Count III), the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202 (Count IV), the Agricultural Area Security Law, Act of June 30, 1981, P.L. 128, *as amended,* 3 P.S. §§ 901–915 (Count V) and the act commonly known as the Right to Farm Law, Act of June 10, 1982 P.L. 454, *as amended,* 3 P.S. §§ 951–957 (Count VI). (Petition at ¶¶ 20–22, 26–31, 35, 38, 41 and 44.)

6. In ruling on preliminary objections, the court must accept as true all well-pled allegations of material fact as well as all inferences reasonably deducible therefrom. *Department of General Services v. Board of Claims,* 881 A.2d 14 (Pa.Cmwlth.2005). However, the court need not accept conclusions of law or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party. *Id.*

challenges to the validity of any land use ordinance.[7]

The Township also contends that *if* ACRE *does* vest this court with nonexclusive jurisdiction to review land use ordinances,[8] the rules of statutory construction require that this court decline to accept jurisdiction here. The Township asserts that ACRE's grant of general, nonexclusive jurisdiction conflicts with the particular and exclusive jurisdiction vested in the ZHB by section 909.1(a)(1) of the MPC and that the conflict should be resolved by recognizing the jurisdiction of the ZHB. Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933 (stating the principle of statutory construction that the particular governs the general). Moreover, the Township argues that the only way to give effect to the jurisdiction provisions of both the MPC and ACRE is to construe those provisions as vesting exclusive jurisdiction over *land use* ordinances in the ZHB while allowing the Attorney General to challenge all other *non-land use* ordinances in this court's original jurisdiction. *Id.* ("whenever a general provision in the statute shall be in conflict with a special provision in . . . another statute, the two shall be construed, if possible, so that effect may be given to both"). Thus, according to the Township, if the Attorney General wishes to challenge the substantive validity of the Ordinance, he must do so before the ZHB and not in this court.

■ However, we agree with the Attorney General that the MPC and ACRE do not conflict. The MPC provides for *administrative appeals* by *landowners.* Section 916.1 of the MPC, 53 P.S. § 10916.1 (stating that only a landowner or a person aggrieved may challenged the validity of a land use ordinance on substantive grounds).[9] On the other hand, ACRE applies to *original actions* by the *Attorney General.* Section 315(a) of ACRE, 3 Pa. C.S. § 315(a) (authorizing the *Attorney General,* in his *official capacity,* to bring an *original action* against the local governmental unit challenging the validity of an ordinance *in this court,* regardless of whether he is a "landowner" or "a person aggrieved").

Moreover, section 761(a)(2) of the Judicial Code states that "the Commonwealth Court shall have original jurisdiction of *all civil actions or proceedings:* By the Commonwealth government, *including*

7. Under the holdings in the cited cases, a landowner or other person aggrieved by a zoning change or zoning determination must challenge the substantive validity of the ordinance before the ZHB under the MPC, rather than file an action in mandamus or seek damages under eminent domain.

8. The Township notes that ACRE's provisions apply to "ordinances" generally; ACRE does not expressly address "land use ordinances" nor include "land use ordinances" in its definition of "unauthorized local ordinances."

9. The Attorney General is neither a "landowner" nor "a person aggrieved" for purposes of the MPC. For a party to be "aggrieved," the interest of the party who will be affected by the alleged illegal law must be distinguishable from the interest shared by all of the citizens. *Rouse & Associates–Ship Road Land Limited*

*Partnership v. Pennsylvania Environmental Quality Board,* 164 Pa.Cmwlth. 326, 642 A.2d 642 (1994). In the present matter, because the interest of the Attorney General cannot be distinguished from the interest shared by all citizens, he is not a "person aggrieved." Therefore, contrary to the Township's suggestion, the Attorney General could not file an action challenging the validity of the Ordinance before the ZHB under the MPC. For this reason, the Township's reliance on *Unger, J.B. Steven, Inc.* and *Merlin* is misplaced because the petitioners in those cases, unlike the Attorney General here, were either *landowners* or *persons aggrieved,* who could bring an action challenging the substantive validity of the ordinance pursuant to sections 909.1(a)(1) and 916.1 the MPC. 53 P.S. §§ 10909.1(a)(1) and 10916.1.

402 ■

*any officer thereof, acting in his official capacity,* except eminent domain proceedings...." 42 Pa.C.S. § 761(a)(2) (emphasis added). In addition, section 761(a)(4) of the Judicial Code states that the court shall have original jurisdiction when it *"is vested in the Commonwealth Court by any statute hereafter enacted."* 42 Pa. C.S. § 761(a)(4) (emphasis added). Here, as authorized by section 315(a) of ACRE, the *Attorney General,* acting in his *official capacity,* is bringing a *civil action* against the Township in Commonwealth Court asserting that certain parts of the Ordinance are invalid as "unauthorized local ordinances." Thus, section 315(a) of ACRE and section 909.1(a)(1) of the MPC do not conflict. Because this court has subject matter jurisdiction over the present matter pursuant to ACRE and the Judicial Code, we overrule the Township's first preliminary objection.

## II. Pendency of Prior Action/Failure to Exhaust Administrative Remedies

■ In its second preliminary objection, the Township asserts that the Petition should be dismissed because the Weavers' land use appeal is still pending before the ZHB, Pa. R.C.P. No. 1028(a)(6), and because the Weavers failed to exhaust their administrative remedies as required by Pa. R.C.P. No. 1028(a)(7). In light of these circumstances, the Township contends that the Weavers violated the MPC when they contacted the Attorney General requesting that he challenge the Ordinance under ACRE.[10] We disagree.

■ To sustain a preliminary objection based on the pendency of a prior action, the respondent must show that the *same*

parties are involved in both actions, the same rights are asserted and the same relief is sought. *Commonwealth ex rel. Lindsley v. Robinson,* 30 Pa.Cmwlth. 96, 372 A.2d 1258 (1977). The Township cannot satisfy this burden because the parties presently before this court in the Attorney General's original action under ACRE are not the same as the parties before the ZHB in the Weavers' land use appeal. Moreover, because ACRE authorizes the Attorney General to bring *original actions* in this court's jurisdiction, and because the Weavers are not a party to the *Attorney General's* action, the Weavers failure to exhaust *their* administrative remedies has no bearing on the matter presently before this court. Therefore, we overrule the Township's second preliminary objection.

## III. Nonjoinder of Necessary Parties

■ In its third preliminary objection, the Township argues that we should dismiss the Petition because the Attorney General failed to join necessary parties as required by Pa. R.C.P. No. 1028(a)(5). The Township contends that, because the Attorney General is seeking declaratory judgment, he was required by section 7540(a) of the Declaratory Judgments Act to join all persons who have or claim any interest that would be affected by the court's declaration. 42 Pa.C.S. § 7540(a). According to the Township, the Weavers and BC Natural Chicken, L.L.C. (BC Chicken), with whom the Weavers have a contract to provide poultry, have such an interest and should have been joined as parties in the present action. We disagree.

In *City of Philadelphia v. Commonwealth,* 575 Pa. 542, 838 A.2d 566 (2003),

10. The Township cites section 916.1(i) of the MPC, 53 P.S. § 10916.1(i), which states that a landowner who has challenged the validity of a land use ordinance on substantive grounds shall not submit any additional substantive challenges involving the same parcel until the original challenge has been finally determined or withdrawn.

our supreme court considered the scope of section 7540(a) of the Declaratory Judgments Act and held that its mandate to join as parties *all* those whose interests would be affected by the declaration is subject to reasonable limitations.[11] For example, the court reasoned that in cases challenging the validity of a statute or ordinance, which, by its nature, affects the interests of large numbers of people, section 7540(a) of the Declaratory Judgments Act does not require the joinder of *every party* having any interest that could potentially be affected by the invalidation of the statute. The court explained that if there were such a requirement, "the valuable remedy of declaratory judgment would be rendered impractical and indeed often worthless for determining the validity of legislative enactments, either state or local, since such enactments commonly affect the interests of large numbers of people." *Id.* at 569, 838 A.2d at 583 (quoting *Town of Blooming Grove v. City of Madison*, 275 Wis. 328, 81 N.W.2d 713, 717 (1957)). This is such a case.

Although the Weavers and BC Chicken have an interest in this matter; the same can be said for numerous others including, every farmer and entity subject to these Ordinance provisions. Because the Attorney General, acting in his official capacity, challenges the substantive validity of an Ordinance affecting large numbers of people, he is not required by section 7540(a) to join *every person* whose interests *may* be affected by the court's decision in this matter. *City of Philadelphia.* Therefore, we overrule the Township's third preliminary objection.

### IV. Failure of Proper Service and Failure to Conform to Rules of Court

■ In its next preliminary objection, the Township asserts that the court should dismiss the Petition because: (1) it was not properly served; and (2) it did not conform to the rules of court.

With regard to service, the Township contends that, because the Petition was not served by the sheriff, it did not conform to Pa. R.C.P. No. 400(a), as required by the appellate rules.[12] However, service of process invoking matters in this court's original jurisdiction is governed by Pa. R.A.P. 1514(c). *Awkakewakeyes v. Department of Corrections*, 142 Pa.Cmwlth. 232, 597 A.2d 210 (1991); *Philadelphia County Intermediate Unit No. 26 v. Department of Education*, 60 Pa.Cmwlth. 546, 432 A.2d 1121, 1125 (1981) (stating that "[t]hese petitions for review were filed ... under this Court's original jurisdiction and [are] ... controlled by the Rules of Appellate Procedure, where they are appli-

**11.** In *City of Philadelphia*, the City of Philadelphia (City) sought declaratory and injunctive relief against the Commonwealth, alleging that newly enacted legislation pertaining to the governance of the Pennsylvania Convention Center violated the Pennsylvania Constitution. After this court preliminarily enjoined the implementation of the challenged legislation, the Commonwealth appealed, arguing that the courts lacked subject matter jurisdiction because the City failed to join numerous indispensable parties. *Id.* As summarized by our supreme court, "[the Commonwealth] appear[s] to contend that anyone whose interests may be affected by any aspect of the challenged legislation must be formally joined for jurisdiction to lie." *Id.* at 567, 838 A.2d at 581. The supreme court rejected such a broad reading of section 7540(a).

**12.** The Township contends that Pa. R.A.P. 106 requires that service of the Petition conform to Pa. R.C.P. 400(a). Pa. R.A.P. 106 states that, unless otherwise prescribed by the rules of appellate procedure, the rules of practice and procedure in matters brought before an appellate court within its original jurisdiction shall be in accordance with the appropriate general rules applicable to practice and procedure in the courts of common pleas.

cable. The form of service of petitions for review, therefore, is governed by Pa. R.A.P. 1514(c). . . .”). Pa. R.A.P. 1514(c) allows for the service of a petition for review either by the petitioner in person or by certified mail. Because service of the Petition conformed to the requirements of Pa. R.A.P. 1514(c), we overrule the Township's preliminary objection regarding the service of the Petition.

■ The Township also asserts that the Petition failed to conform to Pa. R.C.P. No. 1018.1(a), which states that every complaint should *begin* with a notice to defend. According to the Township, the notice to defend here was "buried *behind* the complaint and verification." (Township's brief at 9) (emphasis added). However, notwithstanding the use of the term "begin," our research does not reveal any support for the Township's position that the notice to defend must be in the *front* of the complaint in order to comply with Pa. R.C.P. No. 1018.1. *Cf. Mother's Restaurant, Inc. v. Krystkiewicz,* 861 A.2d 327 (Pa.Super.2004) (holding that every complaint, including amended complaints, *must include* a notice to defend, and a defendant does not have an obligation to file a responsive pleading when the preceding pleading *does not contain* the notice). Here, there is no question that the Petition

included a notice to defend. Moreover, the comment to Pa. R.C.P. No. 1018.1 explains that the origin of the notice to defend was to inform "the uneducated, uninformed and unsophisticated defendants" that an action was filed against them and that responsive answers were required. The Township does not allege that it is an uneducated, uninformed and unsophisticated defendant or that it was prejudiced by the location of the notice to defend. Accordingly, we overrule the Township's preliminary objection regarding the Petition's failure to conform to the rules of court.

## V. Insufficient Specificity in a Pleading

■ In its next preliminary objection, the Township asserts that Count I of the Petition should be dismissed in its entirety as insufficiently specific. The Township contends that in that count, the Attorney General merely alleges that section 804.7 of the Ordinance on its face violates ACRE but fails to aver facts describing how it does so. Alternatively, the Township requests that we strike paragraph 22 of Count I because in paragraph 22, the Attorney General alleges that section 804.7 of the Ordinance improperly prohibits or limits "normal agricultural operations" [13] but

13. Section 312 of ACRE, 3 Pa.C.S. § 312, adopts the definition of "normal agricultural operation" in section 2 of the Right to Farm Law, 3 P.S. § 952, which defines a "normal agricultural operation" as:

[t]he activities, practices, equipment and procedures that farmers adopt, use or engage in the production and preparation for market of poultry, livestock and their products and in the production, harvesting and preparation for market or use of agricultural, agronomic, horticultural, silvicultural and aquacultural crops and commodities and is:

(1) not less than ten contiguous acres in area; or

(2) less than ten contiguous acres in area but has an anticipated yearly gross income of at least $10,000.

The term includes new activities, practices, equipment and procedures consistent with technological development within the agricultural industry. Use of equipment shall include machinery designed and used for agricultural operations, including, but not limited to, crop dryers, feed grinders, saw mills, hammer mills, refrigeration equipment, bins and related equipment used to store or prepare crops for marketing and those items of agricultural equipment and machinery defined by the act of December 12, 1994[, P.L. 944, 3 P.S. §§ 1901–1915], known as the Farm Safety and Occupation-

fails to allege facts describing how that section of the Ordinance, which outlines the requirements for operating "intensive agricultural activities," prohibits or limits "normal agricultural operations."

The Attorney General responds that no further specificity is needed in light of paragraph 17 of the Petition, in which he alleges, as a *matter of fact*, that an "intensive agricultural activity" as regulated by the Ordinance is a "normal agricultural operation" under ACRE. However, contrary to the Attorney General's belief, the allegation in paragraph 17 is not a statement of fact; rather, it is a conclusion of law which we need not accept. *Department of General Services v. Board of Claims*, 881 A.2d 14 (Pa.Cmwlth.2005). Accordingly, because the Attorney General failed to aver facts describing how the Ordinance's regulation of "intensive agricultural activities" prohibits or limits a "normal agricultural operation," we agree that paragraph 22 is insufficiently specific.[14] However, we will grant the Attorney General leave to amend that paragraph pursuant to Pa. R.C.P. Nos. 1028(e) and 1033.[15] Moreover, for the reasons set

forth below, we will not dismiss Count I of the Petition in its entirety.

## VI. Demurrer

In its last preliminary objection, the Township contends that paragraph 19 of Count I should be stricken for failure to state a claim upon which relief can be granted. In that paragraph, the Attorney General alleges that the Ordinance's definition of "Intensive Agriculture" is arbitrary, vague and unreasonable, and invites discriminatory enforcement; however, the Township argues that there is nothing in ACRE that proscribes an arbitrary, vague and unreasonable or discriminatory ordinance. Here, the Township overlooks section 312 of ACRE, 3 Pa.C.S. § 312, which defines an "unauthorized local ordinance" as one that prohibits or limits a normal agricultural operation absent authority of state law. 3 Pa.C.S. § 312. It is well-settled that a local government has no authority to adopt an ordinance that is arbitrary, vague or unreasonable or inviting of discriminatory enforcement. *See Exton Quarries, Inc. v. Zoning Board of Adjustment of West Whiteland Township,*

---

al Health Act. Custom work shall be considered a normal farming practice. 3 P.S. § 952.

14. For example, mushroom farming is an "intensive agricultural activity" under section 804.7 of the Ordinance; however, the Attorney General has not alleged facts about mushroom farming that would place that activity within the definition of "normal agricultural operation" under ACRE. Similarly, poultry and egg production are "intensive agricultural activities" under section 804.7 of the Ordinance; however, the Attorney General has not alleged facts about poultry and egg production that would place these activities within the definition of "normal agricultural operation." Moreover, it is conceivable that the Ordinance's regulation of "intensive agricultural activities," which have a minimum lot size of five acres, section 804.7(b) of the Ordi-

nance, would be proper where these activities occur on lots of more than five acres but less than ten acres and that have a yearly anticipated gross income of less than $10,000, i.e., that are not, by definition, "normal agricultural operations." 3 P.S. § 952.

15. These rules permit the court to grant a party leave to amend its pleading within twenty days after the notice of the order. Pa. R.C.P. Nos. 1028(e) and 1033. It is well-established that amendment of a complaint should be freely allowed and a claim ought not be jeopardized by minor defects in the pleading. *Lutz v. Springettsbury Township*, 667 A.2d 251 (Pa.Cmwlth.1995). Where there is some reasonable possibility that amendment can be accomplished successfully, the right to amend should not be withheld. *Id.*

425 Pa. 43, 58, 228 A.2d 169, 178 (1967) (stating that "the power [of zoning ordinances] to ... regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property...."). Accordingly, the Attorney General has pled a cause of action under ACRE in paragraph 19 of the Petition, and we overrule the Township's preliminary objection to the legal sufficiency of that paragraph.

## ORDER

AND NOW, this 20th day of February, 2007, the preliminary objection filed by Richmond Township and the Richmond Township Board of Supervisors objecting to the specificity of paragraph 22 of the Petition for Review (Petition) filed by the Commonwealth of Pennsylvania, Office of Attorney General By Thomas W. Corbett, Jr., Attorney General (Attorney General), is hereby sustained; however, we grant the Attorney General leave to amend paragraph 22 within twenty days of this order. The remaining preliminary objections filed by Richmond Township and the Richmond Township Board of Supervisors to the Petition filed by the Attorney General are hereby overruled.