# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Urve Maggitti, : 
                             Petitioner : 
   : 
             v. : No. 15 M.D. 2024
   : SUBMITTED: July 5, 2024
Hon. John P. Capuzzi, Sr., in his official : 
capacity; Hon. Bret M. Binder, in his : 
official capacity; Hon. John Hall, in his : 
official capacity; Christopher DeBarren : 
Sarobe, District Attorney, in his official : 
capacity; Daniel E. Roland, Assistant : 
District Attorney, in his official : 
capacity; and Santina R. Pescatore, : 
Assistant DA, in official capacity, : 
                        Respondents : 

## OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                                        **FILED: September 3, 2024**

Before the Court for disposition are the preliminary objections of Judicial Respondents[1] to the petition for review filed by Petitioner, Urve Maggitti. Notwithstanding the fact that District Attorney Respondents[2] did not file preliminary objections, we sustain Judicial Respondents' preliminary objections and dismiss the petition for review with prejudice as to all Respondents.

The above-captioned matter pertains to Petitioner's underlying criminal case, *Commonwealth v. Urve Maggitti* (C.C.P. Chester Cnty., No. CP-15-CR-

---

[1] Judicial Respondents include the following common pleas court judges: Honorable John P. Capuzzi, Sr.; Honorable Bret M. Binder; and Honorable John Hall.

[2] District Attorney Respondents include: Christopher DeBarren Sarobe, District Attorney (DA); Daniel E. Roland, Assistant DA; and Santina R. Pescatore, Assistant DA.

0001735-2023), which resulted from her charge for the unlawful use of an audio or video device in court pursuant to Section 5103.1(a) of the Crimes Code, 18 Pa.C.S. § 5103.1(a). According to the Chester County Court of Common Pleas docket entries, the criminal case has been adjudicated.[3] A verdict of guilty was entered April 24, 2024, with Petitioner scheduled to be sentenced on July 18, 2024.

In this Court, Petitioner filed a January 18, 2024 "Emergency Petition/Motion to Vacate Void Orders/Judgment and Emergency Injuncti[ve] Relief" (petition for review) seeking an order reversing the January 9, 2024 order of the trial court mandating that she appear at the sheriff's office on or before January 19, 2024, for fingerprinting and processing and stating that her failure to appear would result in the issuance of a bench warrant. In addition, she requested that this Court stay her criminal case pending our decision on the petition for review, declare all orders entered in that criminal case null and void, and dismiss the criminal case with prejudice. To the extent that Petitioner sought emergency relief in the petition for review, we denied her request. In addition, we concluded that we lacked jurisdiction to hear claims pertaining to the criminal case.

On January 19, 2024, Petitioner filed an "Emergency Motion to Stay the Fingerprinting Order" (emergency motion) requesting that this Court issue an immediate order staying the trial court's January 9, 2024 order. We denied the emergency motion.

In February 2024, Judicial Respondents filed preliminary objections alleging that this Court lacks jurisdiction over Petitioner's claims regarding her underlying criminal case, Petitioner may not collaterally attack criminal proceedings

---

[3] https://ujsportal.pacourts.us/CaseSearch (last visited August 30, 2024).

2

in a civil action, her petition for review fails to state a claim, and her claims are moot.[4]

We first turn to the claim that this Court lacks jurisdiction. As we earlier stated: "To the extent that Petitioner's [p]etition [for review] seeks a stay of the criminal proceedings and reversal of the orders issued therein, Petitioner seeks a writ of prohibition[.]" Jan. 19, 2024 Mem. and Order at 2. Pursuant to Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), this Court's "original jurisdiction to issue writs of prohibition extends only where such relief is ancillary, or subordinate, to a matter within the Court's appellate jurisdiction." *Id*. at 2-3. As our docket reflects, Petitioner does not have a pending appeal stemming from the underlying proceedings or any other matter within our appellate jurisdiction. Consequently, we lack original jurisdiction to issue a writ of prohibition.

In addition, Petitioner as a criminal defendant may not collaterally attack her criminal proceedings in a civil action. *Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011). Moreover, because the underlying criminal case was adjudicated, the instant case is now moot. "[A]n actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Pub. Defender's Office of Venango Cnty. v. Venango Cnty. Ct. of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006).

---

[4] When considering preliminary objections:

> [T]he court must accept as true all well-pled allegations of material fact as well as all inferences reasonably deducible therefrom. However, the court need not accept conclusions of law or expressions of opinion. For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party.

*Commonwealth v. Richmond Twp.*, 917 A.2d 397, 400 n.6 (Pa. Cmwlth. 2007).

3

Accordingly, we sustain Judicial Respondents' preliminary objections and dismiss the petition for review with prejudice as to all Respondents.

President Judge Cohn Jubelirer did not participate in the decision for this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Urve Maggitti,                               :
                     Petitioner      :
                                 :

               v.                    :      No. 15 M.D. 2024
                                 :

Hon. John P. Capuzzi, Sr., in his official :
capacity; Hon. Bret M. Binder, in his    :
official capacity; Hon. John Hall, in his  :
official capacity; Christopher DeBarren  :
Sarobe, District Attorney, in his official  :
capacity; Daniel E. Roland, Assistant    :
District Attorney, in his official          :
capacity; and Santina R. Pescatore,      :
Assistant DA, in official capacity,        :
                   Respondents   :

## PER CURIAM              O R D E R

AND NOW, this 3rd day of September, 2024, the preliminary objections filed by Judicial Respondents are SUSTAINED, and the petition for review filed by Petitioner, Urve Maggitti, is hereby DISMISSED *with prejudice* as to all Respondents.