# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ms. Urve Maggitti, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 25 M.D. 2024 |
| | : | |
| The Commonwealth of Pennsylvania; | : | |
| The Pennsylvania General Assembly: | : | |
| Joanna E. McClinton, in official | : | |
| capacity as Speaker of the Pennsylvania | : | |
| House of Representatives; and Kim L. | : | |
| Ward, in official capacity as President | : | |
| Pro Tempore of the Pennsylvania | : | |
| Senate; Hon. John P. Capuzzi Sr., in | : | |
| official capacity; Hon. Bret M. Binder, | : | |
| in official capacity; Hon. Martin G. | : | |
| Goch, in official capacity; Deb Ryan, | : | |
| Ex-District Attorney, in official | : | |
| capacity; Christopher DeBarren | : | |
| Sarobe, District Attorney, in official | : | |
| capacity; Daniel E. Roland, Assistant | : | |
| DA, in official capacity; Santina R. | : | |
| Pescatore, Assistant DA, in official | : | |
| capacity; Hon. John Hall, in official | : | |
| capacity; Hon. Marc J. Lieberman, in | : | |
| official capacity; Supreme Court | : | |
| Justices; Hon. Debra Todd, in official | : | |
| capacity; Hon. Christine Donohue, in | : | |
| official capacity; | : | |
| Hon. Kevin M. Dougherty, in | : | |
| official capacity; Hon. Sallie Updyke | : | |
| Mundy, in official capacity; | : | |
| Hon. P. Kevin Brobson, in official | : | |
| capacity; Hon. Daniel D. McCaffery, | : | |
| in official capacity; Hon. David N. | : | |
| Wecht, in official capacity, | : | |
| Respondents | : | Submitted: May 6, 2025 |

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**

**PER CURIAM**                                      FILED:  June 23, 2025

Before the Court are five sets of preliminary objections to Petitioner Urve Maggitti's (Petitioner) Amended Petition for Review in the Nature of an Action for Declaratory and Injunctive Relief (Petition).  Through the Petition, Petitioner raises constitutional challenges to two provisions of the Crimes Code and seeks a permanent injunction enjoining Respondents from enforcing the same in any current criminal proceedings in the Commonwealth.  As with several other cases recently filed in this Court,[1] the Petition relates to Petitioner's criminal case, *Commonwealth v. Maggitti* (C.C.P. Chester Cnty., No. CP-15-CR-0001735-2023, *appeal filed*, Pa. Super, 2859 EDA 2024).  The instant preliminary objections are filed by: (1) Judicial Respondents;[2] (2) the Commonwealth of Pennsylvania; (3) Chester County

---

[1] *See, e.g.*, *Maggitti v. Moonay, et al.* (Pa. Cmwlth., No. 101 M.D. 2023, transferred 3/3/2023); *Maggitti v. Goch, et al.* (Pa. Cmwlth., 267 M.D. 2023, pending); *Maggitti v. Capuzzi, et al.* (Pa. Cmwlth., 9 M.D. 2024, transferred 2/14/2024); *Maggitti v. Capuzzi, et al.* (Pa. Cmwlth., 15 M.D. 2024, dismissed 9/3/2024); *Maggitti v. Todd, et al.* (Pa. Cmwlth., No. 141 M.D. 2024, denied 3/21/2024); *Maggitti v. Todd, et al.* (Pa. Cmwlth., No. 142 M.D. 2024, denied 3/21/2024); *Maggitti v. Capuzzi, et al.* (Pa. Cmwlth., No. 153 M.D. 2024, denied 3/25/2024).

[2] The Judicial Respondents consist of:  the Honorable John P. Capuzzi, Sr.; the Honorable Bret M. Binder; the Honorable Martin G. Goch; the Honorable John Hall; the Honorable Marc J. Lieberman; the Honorable Debra Todd; the Honorable Christine Donohue; the Honorable Kevin M. Dougherty; the Honorable Sallie Updyke Mundy; the Honorable P. Kevin Brobson; the Honorable Daniel D. McCaffery; and the Honorable David N. Wecht.

2

Respondents;[3] (4) Legislative Respondents;[4] and (5) Attorney General Respondents[5] (collectively, Respondents). Respondents raise various preliminary objections to the Petition, but our disposition requires only the discussion of one. Because we conclude that Petitioner may raise the challenges set forth in the Petition in the appeal of her criminal conviction, we conclude that equitable relief is unavailable. Therefore, we sustain Judicial Respondents' preliminary objection on this basis and dismiss the Petition against all named Respondents with prejudice.

On April 17, 2024, Petitioner filed a 171-page Petition seeking declaratory and injunctive relief against Respondents.[6] Pages 21 through 133 of the Petition recount Petitioner's criminal proceedings before the Chester County Court of Common Pleas and detail some of her many related appeals. Her claims for declaratory and injunctive relief begin on page 133. Specifically, Petitioner asks this Court to declare unconstitutional two criminal statutes: Section 5103.1 of the Crimes Code, relating to the unlawful use of audio or video recordings in court, of which she was convicted, and Section 9112 of the Crimes Code, which requires her to

---

[3] Chester County Respondents consist of: Christopher L. de Barrena-Sarobe, District Attorney for Chester County; the Honorable Deborah Ryan; Daniel Roland, Assistant District Attorney for Chester County; and Santina Pescatore, Assistant District Attorney for Chester County.

[4] Legislative Respondents consist of: Joanna E. McClinton, Speaker of the Pennsylvania House of Representatives; Kim L. Ward, President Pro Tempore of the Senate of Pennsylvania; and the Pennsylvania General Assembly.

[5] Attorney General Respondents consist of: Attorney General Michelle Henry and President of the Senate Austin Davis. Attorney General Respondents do not appear in the caption but are listed as "Respondents" in the body of the Amended Petition. *See* Amended Petition ¶¶ 2, 4.

[6] The majority of Maggitti's Petition recounts details of her underlying criminal case, which resulted in her conviction for violating Section 5103.1(a) of the Crimes Code, 18 Pa. C.S. § 5103.1(a). According to the Chester County Court of Common Pleas docket, a verdict of guilty was entered on April 24, 2024, and Maggitti was sentenced on July 18, 2024. https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-15-CR-0001735-2023&dnh=1vrIVNnm0cvowlHfIFSjkg%3D%3D (last visited June 20, 2025). Maggitti's appeal of said conviction is pending before the Superior Court. *See* Pa. Super, 2859 EDA 2024. Her 171-page Petition is accompanied by 61 exhibits.

submit to mandatory fingerprinting as a result of that conviction. 18 Pa.C.S. §§ 5103.1, 9112. Petitioner also seeks a permanent statewide injunction preventing Respondents from continuing all judicial proceedings involving the alleged unconstitutional statutes. Respondents' preliminary objections[7] assert various deficiencies to the claims in the Petition and the form thereof. One such objection challenged the availability of equitable relief in these circumstances.

Our Supreme Court weighed in on this precise issue in *Cooper v. McDermott*, 159 A.2d 486 (Pa. 1960). In *Cooper*, six individuals from California were indicted for violation of or conspiracy to violate a Pennsylvania statute relating to the distribution and printing of obscene literature. The six sought relief in common pleas through an action in equity seeking to enjoin any furtherance of the extradition warrants issued by the Governor to return them to Pennsylvania for the purpose of trial. They maintained that the statute at issue was vague and, on its face, unconstitutional under several provisions of the United States and Pennsylvania Constitutions. Common pleas denied the requested relief, and the Pennsylvania Supreme Court affirmed. The Court explained that "[e]quity's jurisdiction does not involve the control of the prosecution, punishment and pardon of crimes or misdemeanors. These important functions, for most compelling reasons and sound public policy, are performed exclusively in courts exercising criminal jurisdiction."

---

[7] When considering preliminary objections:

> [T]he court must accept as true all well-pled allegations of material fact as well as all inferences reasonably deducible therefrom. However, the court need not accept conclusions of law or expressions of opinion. For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party.

*Commonwealth v. Richmond Twp.*, 917 A.2d 397, 400 n.6 (Pa. Cmwlth. 2007).

*Id.* at 488-89 (citing *Meadville Park Theatre Corp. v. Mook*, 10 A.2d 437 (Pa. 1940)).[8] The Court went on to state that it is only in the rare and unusual instance where a court of equity will enjoin public officers from proceeding with the enforcement of penal statutes. For equity to intervene, it requires a case where "the validity of the statutes under which the proceedings had begun was seriously and substantially challenged *and, in addition*, it was clearly apparent that irreparable damage and harm would be done to property by a continuation of the prosecution." *Id.* at 489 (emphasis in original). The *Cooper* Court found these elements lacking, explaining that the six defendants were "free to litigate the question of the unconstitutionality of the statute through the orderly methods of criminal procedure, and thereby enjoy a complete and adequate remedy at law." *Id.*

The same result is warranted here. While Petitioner seeks to challenge the constitutionality of two penal statutes and enjoin all court cases proceeding under the same, the appropriate forum for such challenges is through the appeal of her criminal conviction. In accordance with the sound public policy articulated by our Supreme Court in *Cooper*, we decline Petitioner's attempt to use equity as a vehicle to decide questions properly raised via criminal appeal. No exception to this policy is present in this case.

---

[8] In *Meadville Park*, the Supreme Court put it simply by stating:

> Only confusion and frustration in the enforcement of these laws would result if a person arrested or about to be arrested for their violation could by transforming himself into a complainant and a district attorney into a defendant, in civil proceedings, have his guilt or innocence adjudicated by a court of equity.

*Meadville Park*, 10 A.2d at 439.

5

Accordingly, we sustain the preliminary objection to the petition on this basis and dismiss the Petition against all Respondents with prejudice.[9]

President Judge Cohn Jubelirer and Judge Fizzano Cannon did not participate in the decision in this matter.

---

[9] Based on this disposition, Respondents' remaining preliminary objections are dismissed as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ms. Urve Maggitti,                                    :
                                    Petitioner          :
                                                       :
        v.                                             :        No. 25 M.D. 2024
                                                       :
The Commonwealth of Pennsylvania;                      :
The Pennsylvania General Assembly:                     :
Joanna E. McClinton, in official                       :
capacity as Speaker of the Pennsylvania                :
House of Representatives; and Kim L.                   :
Ward, in official capacity as President                :
Pro Tempore of the Pennsylvania                        :
Senate; Hon. John P. Capuzzi Sr., in                   :
official capacity; Hon. Bret M. Binder,                :
in official capacity; Hon. Martin G.                   :
Goch, in official capacity; Deb Ryan,                  :
Ex-District Attorney, in official                      :
capacity; Christopher DeBarren                         :
Sarobe, District Attorney, in official                 :
capacity; Daniel E. Roland, Assistant                  :
DA, in official capacity; Santina R.                   :
Pescatore, Assistant DA, in official                   :
capacity; Hon. John Hall, in official                  :
capacity; Hon. Marc J. Lieberman, in                   :
official capacity; Supreme Court                       :
Justices; Hon. Debra Todd, in official                 :
capacity; Hon. Christine Donohue, in                   :
official capacity;                                     :
Hon. Kevin M. Dougherty, in                            :
official capacity; Hon. Sallie Updyke                  :
Mundy, in official capacity;                           :
Hon. P. Kevin Brobson, in official                     :
capacity; Hon. Daniel D. McCaffery,                    :
in official capacity; Hon. David N.                    :
Wecht, in official capacity,                           :
                                    Respondents          :

**PER CURIAM**                **O R D E R**

AND NOW, this 23rd day of June 2025, Judicial Respondents'[1] second preliminary objection is SUSTAINED. Petitioner Urve Maggitti's Petition for Review in the Nature of Declaratory and Injunctive Relief is DISMISSED WITH PREJUDICE against all named Respondents.

Respondents' remaining preliminary objections are DISMISSED as MOOT.

---

[1] Judicial Respondents consist of: the Honorable John P. Capuzzi, Sr.; the Honorable Bret M. Binder; the Honorable Martin G. Goch; the Honorable John Hall; the Honorable Marc J. Lieberman; the Honorable Debra Todd; the Honorable Christine Donohue; the Honorable Kevin M. Dougherty; the Honorable Sallie Updyke Mundy; the Honorable P. Kevin Brobson; the Honorable Daniel D. McCaffery; and the Honorable David N. Wecht.