Antonio HOWARD, Petitioner

v.

COMMONWEALTH of Pennsylvania, Edward Rendell, Governor; Dennis O'Brien, Speaker of the House; Joseph Scarnati, President Pro Tempore of the Senate; Pedro Cortes, Secretary of the Commonwealth, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 18, 2008.

Decided July 11, 2008.

Publication Ordered Sept. 24, 2008.

Antonio Howard, petitioner, pro se.

Gwendolyn T. Mosley, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Before us for disposition in our original jurisdiction are the preliminary objections of Respondents to the October 11, 2007 first amended petition for review, complaint in declaratory judgment and bill of equity (first amended petition for review) of *pro se* petitioner Antonio Howard challenging the constitutionality of certain 1995 amendments (Act 33) to the Juvenile Act of 1972[1] relating to the transfer of criminal matters from adult to juvenile court. "Commonwealth Respondents" include Governor Edward G. Rendell and Secretary of the Commonwealth Pedro Cortes and "Legislative Respondents" include Speaker of the House Dennis O'Brien and President *Pro Tempore* of the Senate Joseph Scarnati. The Commonwealth and Legislative Respondents separately filed preliminary objections, which for the reasons set forth below, we overrule in part and sustain in part.

As per the petition, the background of this case is as follows.[2] In October 1991, the then fifteen year-old Petitioner was arrested and charged for the murder and robbery of a taxi driver. After Petitioner's first counsel unsuccessfully attempted to have the case transferred to juvenile court, Petitioner was tried as an adult. In 1992, a jury found Petitioner guilty of criminal homicide/felony murder (second degree), criminal conspiracy and robbery. Petitioner's first counsel filed timely post-verdict motions, which were denied. Subsequently, Petitioner was sentenced to life imprisonment without the possibility of parole. Petitioner's appellate counsel appealed to the Superior Court, which affirmed the conviction and judgment of sentence in April 1994. Petitioner then filed subsequent petitions pursuant to the Post Con-

---

1. In 1995, the General Assembly substantially amended the Juvenile Act of 1972, Act of December 6, 1972, P.L. 1464, No. 333, 11 P.S. §§ 50–101 – 50–332, via Act 1995–33 "Act 33," Act of November 17, 1995, P.L. 1127, No. 33 (Spec. Sess. No. 1).

2. When considering preliminary objections, we note that
   the court must accept as true all well-pled allegations of material fact as well as all inferences reasonably deducible therefrom. However, the court need not accept conclusions of law or expressions of opinion. For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party. *Commonwealth v. Richmond Twp.*, 917 A.2d 397, 400 n. 6 (Pa.Cmwlth.2007) (citations omitted).

viction Relief Act (PCRA),[3] which were also unsuccessful.

Petitioner commenced the present action in February 2007, which, after preliminary objections, resulted in the October 2007 first amended petition for review at issue herein. Petitioner maintains that Sections 4 and 7 of Act 33, 42 Pa.C.S. §§ 6322 and 6355, are unconstitutional because they are overbroad and vague. Section 4 permits a defendant to petition to have his case transferred to juvenile court and requires that he establish by a preponderance of the evidence that the transfer will serve the public interest. Section 7 sets forth the criteria for determining whether the public interest can be served, including factors concerning the child's maturity and degree of culpability. Petitioner alleges that these sections improperly

> place the onus on the "child" defendant to meet/exceed the Statutory requirements and establish by a preponderance of evidence that any transfer ... will in fact serve the public interest, etc. This Statute unconstitutionally places the entire burden on the shoulders of the "child" defendant, even though "culpability" is a factual, therefore, legal determination; a "mini-trial," sans any Due process/Equal Protection protections.

First Amended Petition for Review, paragraph 23. The respective Respondents again filed preliminary objections, which are now before us for disposition. The Commonwealth Respondents assert that the Petitioner failed to properly serve the Governor and the Secretary of State and that the petition fails to state a claim for which relief is available against these parties. The Legislative Respondents assert

that: Petitioner lacks standing; the claim is non-justiciable; the Petitioner's claim lacks substantive merit based on the Pennsylvania Supreme Court's decision in *Commonwealth v. Cotto*, 562 Pa. 32, 753 A.2d 217 (2000) upholding the constitutionality of the challenged legislation; the claim is barred under the PCRA, which provides the exclusive avenue for post-conviction relief and for which the present claim does not provide an exception to this general rule.

■ As an initial matter, we reject Petitioner's contention that we should dismiss Respondents' briefs for failure to comply with our order requiring them to file their briefs on February 18, 2008. The official court docket reflects that both sets of Respondents filed their respective briefs on February 19, 2008. Section 1908 of the Statutory Construction Act of 1972,[4] relating to the computation of time, omits the last day of a time period which falls on a Saturday, Sunday or a legal holiday.[5] Because February 18, 2008 was President's Day, the briefs were timely filed the following day. We also reject the request to dismiss the briefs for failure to comply with Pennsylvania Rule of Appellate Procedure 2101. We have duly noted any deficiencies in Respondents' briefs, but do not find that such deficiencies merit our refusal to consider their arguments. Hence, the request to dismiss Respondents' briefs is denied.

■ Commonwealth Respondents first argue that this court lacks personal jurisdiction over them in that Petitioner failed to properly serve his petition in compliance with Pennsylvania Rule of Civil Procedure 422(a), which requires that service of origi-

3. 42 Pa.C.S. §§ 9541–9546.

4. 1 Pa.C.S. § 1908.

5. Pennsylvania Rule of Appellate Procedure 107 incorporates by reference the rules of construction found in Chapter 19 of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901–1991.

nal process upon the Commonwealth be accomplished by handing a copy to the person in charge. Petitioner maintains that he satisfied the service requirement by forwarding his petition to Respondents via certified mail in compliance with Pennsylvania Rule of Appellate Procedure 1514(c), which governs petitions for review. We reject Commonwealth Respondents' argument. As Petitioner correctly notes in his brief, Rule 1514(c) governs the service of original jurisdiction petitions for review on government units. *Commonwealth v. Richmond Twp.*, 917 A.2d 397 (Pa.Cmwlth.2007). Accordingly, the objection challenging service of the petition is overruled.

■ Commonwealth Respondents next contend that Governor Rendell and Secretary Cortes should be dismissed as parties because the petition is silent as to them in that it contains no averments regarding actions taken by them or relief sought from them. Additionally, they maintain that the two instances when public officials may be proper parties in an action challenging a state statute are not present. To wit, such officials may be proper parties when their authority to implement or enforce a statute is in question or when their own actions are at issue. *See Pennsylvania Sch. Bds. Ass'n, Inc. v. Commonwealth Ass'n of Sch. Adm'rs, Teamsters Local, 502*, 696 A.2d 859 (Pa.Cmwlth.1997).

In general, Petitioner argues that Commonwealth Respondents are proper parties because their rights would be affected. Specifically, Petitioner maintains that the Governor is an indispensable party because he approved the challenged statute and enforced it against Petitioner. Petitioner does not assert how Secretary Cortes's rights would be affected or what actions he took with regard to the challenged statute.

In *Pennsylvania Sch. Bds. Ass'n, Inc.*, we determined that then Governor Ridge was not an indispensable party merely because he gave final approval of the statute at issue by signing it into law. In so holding, we noted that the challenged legislation did not give the Governor any powers or duties with respect to the legislation's enforcement or administration and that a contrary holding would have the effect of having him become an indispensable party to every action challenging the constitutionality of legislation. Further, we concluded that the Secretary of Education was not an indispensable party because he had no power or duty to enforce, implement or administer the challenged statute.

■ In the present case, we similarly conclude that Commonwealth Respondents are not indispensable parties. Governor Rendell's approval of Act 33 by signing it into law did not confer indispensable party status on him. In addition, while the Secretary must be notified of substantive challenges to the constitutionality of legislation, there is no requirement that he participate as a named defendant. *See* Pa. R.C.P. No. 235 *and* Pa. R.A.P. 521. We conclude that Petitioner has not asserted a claim for which relief may be obtained from the Governor or the Secretary of State and, therefore, sustain the preliminary objection on that ground.

■ Legislative Respondents first argue that Petitioner lacks the capacity to sue pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(5) because he has no standing to bring this action. As they emphasize, standing is a threshold requirement and, in order to prove it, a litigant must demonstrate that he is aggrieved. *Pittsburgh Palisades Park, LLC v. Commonwealth*, 585 Pa. 196, 888 A.2d 655 (2005). They argue that Petitioner failed to prove that he was aggrieved because

the 1995 revisions did not come into effect until well after his 1992 criminal trial and, therefore, could not have affected his criminal case. They also point out the well-established tenet of law that a litigant may only challenge that portion of a statute under which he was convicted. *Commonwealth v. Smith,* 917 A.2d 848 (Pa.Super.2007). It is clear that Petitioner did not commit his October 1991 delinquent act on or after the effective date of Act 33, 120 days from November 17, 1995, and that he was not convicted under its provisions. Thus, he lacks standing to assert a challenge to Act 33 and we sustain the preliminary objection on that ground.

█ In *Commonwealth v. Cotto,* the same provisions of Act 33 challenged here were upheld against a constitutional challenge brought by a petitioner whose offense date brought him within the applicability of the provisions and, thus, afforded him the standing that Petitioner here lacks.[6] In *Cotto,* the petitioner maintained, as does the Petitioner in the present action, that Act 33 was unconstitutional in that it was vague and improperly placed the burden on the juvenile seeking transfer from adult to juvenile court. Thus, bound by the ruling in *Cotto,* we conclude that the first amended petition fails to state a claim upon which relief can be granted. We sustain the preliminary objection asserted on this ground.

█ Finally, Legislative Respondents aver that Petitioner fails to state a claim upon which relief may be granted in that his challenge is barred under the PCRA. By his own admission, Petitioner has already exhausted his post-conviction challenges via both direct and collateral appeals. First Amended Petition for Review, paragraphs 16–21. In addition, Petitioner did not bring the present action under the PCRA, which is the sole means of obtaining collateral relief,[7] and in any event, his action would be time-barred as it was not filed within one year of the date his judgment became final.[8] Petitioner has exhausted the direct and collateral avenues for challenging his sentence. The issue regarding his treatment as an adult has been fully and finally litigated under the law applicable at the time. The present challenge to statutory amendments that did not apply at the time he committed the offenses or when he was charged, tried or convicted cannot afford him any relief. Thus, the preliminary objection for failure to state a claim for which relief may be granted is sustained.

Accordingly, for the reasons set forth herein we sustain in part and overrule in part the preliminary objections. However, it appearing with certainty that the law will not permit recovery, we sustain the demurrers and dismiss Petitioner's first amended petition for review with prejudice.[9]

### *ORDER*

AND NOW, this 11th day of July, 2008, the preliminary objections of Respondents in the above captioned matter are SUSTAINED IN PART and OVERRULED IN PART and Petitioner's first amended

---

6. Cotto's delinquency occurred on April 23, 1996, which came within the effective date of the 1995 amendments (120 days from November 17, 1995).

7. 42 Pa.C.S. § 9542.

8. 42 Pa.C.S. § 9545(b)(1).

9. Because of our disposition of the above-discussed preliminary objections, we need not address the Legislative Respondents' preliminary objections based on the Speech and Debate Clause and the doctrine of separation of powers.

petition for review is hereby DISMISSED with prejudice.