# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason P. Kollock, Lead Petitioner  
and All Others Similarly Situated,  
                    Petitioners  

v.

Bruce R. Beemer, Attorney General  
of the Commonwealth of Pennsylvania  
John E. Wetzel, Secretary, PA Dept.  
of Corrections, Shirley Moore-Smeal,  
Exec. Deputy Sec. PA-DOC Steven  
Glunt, Deputy Sec. W.D., PA-DOC  
Theron R. Perez, Esq., Chief Counsel,  
PA-DOC John E. Tuttle, Acting Chair  
of the Board, PBPP Alan Robinson,  
Chief Counsel, PBPP Meghan M. Dade,  
Exec. Dir. S.O.A.B., PBPP,  
                    Respondents  

No. 24 M.D. 2017  
Submitted: June 23, 2017

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge  
                 HONORABLE ANNE E. COVEY, Judge  
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**  
**BY JUDGE BROBSON**                **FILED: November 30, 2017**

Before this Court in our original jurisdiction are the preliminary objections filed by officers and employees of the Pennsylvania Department of Corrections (DOC) and the Pennsylvania Board of Probation and Parole (PBPP) (collectively, Agency Respondents) and the preliminary objections filed by former Attorney General of the Commonwealth of Pennsylvania, Bruce R. Beemer

(Beemer), to a petition for review filed by Jason P. Kollock (Kollock), acting *pro se*.[1] For the reasons set forth below, we sustain Agency Respondents' and Beemer's preliminary objections.

Kollock is an inmate at the State Correctional Institution at Houtzdale (SCI-Houtzdale) as a result of his conviction as a sex offender. DOC requires that convicted sex offenders complete a sex offender treatment program (Program) before DOC will recommend parole. The Program requires that participants admit their guilt to the crimes underlying their convictions.

On September 2, 2016, Kollock filed a grievance with the SCI-Houtzdale facility grievance coordinator, claiming that, as a wrongfully convicted sex offender, the admission of guilt requirement of the Program goes against his "sincerely held Episcopal Beliefs [and] the Precepts of [his] faith" by forcing him to bear false witness upon himself. (Official Inmate Grievance, attached to Petition for Review (PFR).) Kollock averred that this requirement is in violation of the First Amendment of the United States Constitution, Article I, Section 3 of the Pennsylvania Constitution,[2] and the Religious Land Use and Institutionalized

---

[1] DOC officers and employees to the action are John E. Wetzel, Secretary of DOC; Shirley Moore-Smeal, Executive Deputy Secretary of DOC; and Theron R. Perez, Esq., Chief Counsel of DOC. PBPP officers and employees to the action are John E. Tuttle, Acting Chair of PBPP; Alan Robinson, Chief Counsel of PBPP; and Meghan M. Dade, Executive Director of Sexual Offender Assessment Board of PBPP.

[2] Article I, Section 3 of the Pennsylvania Constitution provides:

All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; no man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; no human authority can, in any case whatsoever, control or interfere with the rights of conscience, and no preference shall ever be given by law to any religious establishments or modes of worship.

Persons Act (RLUIPA).[3]  (*Id.*)  He requested that DOC remove the admission of guilt requirement from his requirements for the Program.  (*Id.*)

On September 28, 2016, DOC denied Kollock's grievance.  (Initial Review Response, attached to PFR.)  The denial provided, in pertinent part:

> [Y]our grievance is denied as there is no evidence of policy and/or procedural violations related to this matter. Per Act 98 of 2000, you will be required to comply with DOC programming recommendations related to your controlling offense(s) prior to being eligible for parole. Specifically, you will be required to complete a sex offender program evaluation and any additional recommended programming as outlined on your DC-43 (correctional plan).  To date you have refused to comply with this recommendation.

(*Id.*)

Kollock appealed this decision to the facility manager, raising the same arguments as in his initial grievance.  (Inmate Appeal to Facility Manager Grievance at 1, attached to PFR.)  DOC also denied this appeal, as DOC's first response "sufficiently answered" Kollock's averments from his original grievance.  (Facility Manager's Appeal Response, attached to PFR.)  Further, the response noted that Kollock's claims that the requirement violates his religious beliefs held no relevance to the appeal.  (*Id.*)

Kollock submitted a final appeal to this decision to DOC's Chief Grievance Officer, again raising no new issues and merely restating his original complaint.  (Inmate Appeal to Final Review Grievance at 1, attached to PFR.)  DOC again denied Kollock's appeal, as "[n]o evidence of neglect or deliberate indifference was found."  (Final Appeal Decision, attached to PFR.)  Kollock then

---

[3] 42 U.S.C. § 2000cc-1.

filed this action in our original jurisdiction, seeking injunctive relief in the form of an exemption from the Program's admission of guilt requirement.

In his petition for review, Kollock avers that PBPP summarily denies parole to any inmate convicted of a sexual offense who has not completed the Program. Kollock argues that DOC and PBPP are violating his constitutional rights by forcing him to admit that he committed crimes for which he claims he is innocent. As he did in his grievance, Kollock contends that this requirement is in violation of (1) the Establishment and Free Exercise clauses of the First Amendment of the United States Constitution, (2) Article I, Section 3 of the Pennsylvania Constitution, (3) RLUIPA, and (4) the Pennsylvania Religious Freedom Protection Act[4] (RFPA). In response, Beemer and Agency Respondents filed preliminary objections to this action, challenging the legal sufficiency of his claims. Specifically, Beemer avers that Kollock has made no specific averments against Beemer, and Agency Respondents challenge this Court's jurisdiction over this action and additionally aver that Kollock has failed to state a claim under which relief can be granted.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a

---

[4] Act of December 9, 2002, P.L. 1701, 71 P.S. §§ 2401-2407.

demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cnty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

We will first address Beemer's preliminary objections. Beemer objects on the basis of legal insufficiency of the pleading (demurrer), *see* Pa. R.C.P. No. 1028(a)(4), and insufficient specificity in a pleading, *see* Pa. R.C.P. No. 1028(a)(3). Specifically, Beemer's objection stems from the fact that Kollock's petition for review contains no legal or factual averments against Beemer.

Pennsylvania is a fact pleading state. *See* Pa. R.C.P. No. 1019. Pleadings must achieve the purpose of informing the court and adverse party of the matters in issue. *Dep't of Transp. v. Shipley Humble Oil Co.*, 370 A.2d 438, 439 (Pa. 1977). Rule 1019(a) is satisfied if "allegations in a pleading (1) contain averments of all facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable the party served to prepare a defense thereto." *Id.* "Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard." *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015), *aff'd*, 135 A.3d 580 (Pa. 2016).

In the instant case, there are no specific factual averments directed toward Beemer or any other member of the Attorney General's office. Accordingly, we sustain Beemer's preliminary objections and turn our analysis to Agency Respondents' preliminary objections.

Agency Respondents object on the basis of improper service, *see* Pa. R.C.P. No. 1028(a)(2), lack of jurisdiction, *see* Pa. R.C.P. No. 1028(a)(1), and demurrer challenging the legal sufficiency of the complaint, *see* Pa. R.C.P.

No. 1028(a)(4). Starting first with Agency Respondents' objection to service, we note that Pa. R.A.P. 1514(c) "governs the service of original jurisdiction petitions for review on government units." *Howard v. Cmwlth.*, 957 A.2d 332, 335 (Pa. Cmwlth. 2008). Rule 1514(c) provides: "A copy of the petition for review shall be served by the petitioner in person or by certified mail on the government unit." Pa. R.A.P. 1514(c). Failure to effect service pursuant to Rule 1514(c), however, is an amendable defect. *Nat'l Solid Wastes Mgmt. Assoc. v. Casey*, 580 A.2d 893, 897 (Pa. Cmwlth. 1990).

Here, Kollock filed his petition for review with this Court on January 17, 2017. Kollock's petition, however, contained no certificate of service or proof thereof. Agency Respondents filed their preliminary objections for improper service on March 8, 2017. On March 15, 2017, Kollock filed with this Court certified mail receipts indicating that Kollock properly served Agency Respondents on January 17, 2017. As failure to effect service in conformity with Pa. R.A.P. 1514(c) is an amendable defect, we accept Kollock's later filing as curative. The objection as to service is overruled.

We next move on to Agency Respondents' preliminary objection for lack of jurisdiction. Agency Respondents aver that Kollock is seeking review of an inmate grievance by attempting to convert an appeal to an original jurisdiction matter. In support of their position, Agency Respondents cite to the Pennsylvania Supreme Court's decision *Bronson v. Central Office Review Committee,* 721 A.2d 357 (Pa. 1998). In *Bronson*, our Supreme Court considered the question of whether this Court has jurisdiction over inmate appeals from decisions of DOC's Central Office Review Committee (CORC)[5] under either our original or our

---

[5] CORC has now been designated as the Chief Grievance Officer.

appellate jurisdiction. *Bronson* involved an inmate who filed two grievances with CORC after the seizure of certain articles of clothing. CORC denied his grievances. The inmate then filed a petition for review with this Court, seeking compensation for the confiscated property. We construed the inmate's petition for review as an attempt to appeal CORC's grievance denial and docketed the case under our appellate jurisdiction. *See* 42 Pa. C.S. § 763. This Court dismissed the appeal, relying on *Ricketts v. Central Office Review Committee of the Department of Corrections*, 557 A.2d 1180 (Pa. Cmwlth.), *appeal denied*, 574 A.2d 75 (Pa. 1989), determining that we did not have jurisdiction over inmate grievance appeals, as CORC is not a government agency whose final decisions are appealable. *See id.* at 358. Our Supreme Court granted allocatur.

The Supreme Court held that this Court did not have appellate jurisdiction of the matter and stated that "[e]ven if Appellant had invoked the court's original jurisdiction by attempting to color the confiscation of his clothing as a violation of his protected constitutional property rights, his claim would fail." *Bronson*, 721 A.2d at 359. The Supreme Court added that "[u]nless 'an inmate can identify a personal or property interest . . . not limited by [DOC] regulations . . . which has been affected by a final decision of [DOC]' the decision is not an adjudication subject to the court's review." *Id.* (citation omitted). In so holding, our Supreme Court explicitly rejected the rationale of our earlier holding in *Kisner v. Department of Corrections*, 683 A.2d 353 (Pa. Cmwlth.), *appeal denied*, 701 A.2d 579 (Pa. 1996). The Supreme Court in *Bronson* expressly held that this Court lacks original jurisdiction "in a case not involving constitutional rights not limited by [DOC]." *Id.* at 359.

7

Here, although Kollock references the preceding grievance process in his petition for review, the gist of his action is that the admission of guilt requirement of the Program violates his constitutional rights. As Kollock has alleged a violation of a protected constitutional right, he may bring this action in this Court's original jurisdiction. *See Stodghill v. Pa. Dep't of Corr.*, 150 A.3d 547, 556 (Pa. Cmwlth. 2016) (Leavitt, P.J., concurring). Accordingly, Agency Respondents' objection to this Court's jurisdiction is overruled.

We now address Agency Respondents' preliminary objections in the nature of a demurrer, starting with Kollock's free speech and religious claims under both the United States and Pennsylvania Constitutions.[6] A demurrer may only be sustained when, on the face of the complaint, the law will not permit recovery. *Stone & Edwards Ins. Agency, Inc. v. Dep't of Ins.*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992), *aff'd*, 648 A.2d 304 (Pa. 1994). All well-pled allegations must be accepted as true. *Id.* If there is any doubt "as to whether the preliminary objection should be sustained, that doubt should be resolved by a refusal to sustain it." *Dep't of Pub. Welfare v. Joyce*, 563 A.2d 590, 591 (Pa. Cmwlth. 1989).

Agency Respondents argue that Kollock's petition for review fails to state a claim for which relief can be granted because DOC has a legitimate penological interest in requiring that sex offenders participate in the Program and

---

[6] Kollock's argument is that the admission of guilt requirement of the Program violates Article I, Section 3 of the Pennsylvania Constitution in addition to the Free Exercise and Establishment clauses of the First Amendment of the United States Constitution. Because our state constitution is not broader than its federal counterpart, we need only consider federal precedent to resolve the matter. *Meggett v. Dep't of Corr.*, 892 A.2d 872, 879 (Pa. Cmwlth. 2006) ("[W]e are not aware of any precedent that would have the Pennsylvania Constitution give broader protection to [religious freedom] than does the First Amendment. . . . [T]herefore, we will follow federal precedent in considering Meggett's freedom of religion claim under the Constitutions of both Pennsylvania and the United States.").

8

take responsibility for their crimes. In retort, Kollock argues that forcing him to admit guilt as part of the Program is akin to the government placing restrictions on his exercise of religious freedom in addition to being a content-based restriction on speech, and that such restrictions are in violation of his constitutional rights. We disagree.

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. It is, however, well settled that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). An inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Id.*

This Court has recognized four factors established by the United States Supreme Court for determining when prison regulations impermissibly restrict constitutional rights. Courts must evaluate:

> (1) whether there is a "valid, rational connection" between the prison regulation and the legitimate, neutral government interest advanced to justify the regulation; (2) whether the inmate has alternative means of exercising the right at issue; (3) the burden that the accommodation would impose on prison resources; and (4) whether any ready alternatives to the regulation exist that would fully accommodate the inmate's rights at a de minimis cost to valid penological objectives.

9

*Mobley v. Coleman*, 65 A.3d 1048, 1052 n. 5 (Pa. Cmwlth. 2013) (citing *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)). The prisoner bears the burden of showing that the regulations are unconstitutional. *Id.* at 1052.

Here, Kollock does not advance any argument that would assist our analysis of the above-mentioned factors. He merely asserts that the Program's requirement is not reasonably related to legitimate penological interests. The United States Supreme Court previously considered this contention and opined:

> When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault. States thus have a vital interest in rehabilitating convicted sex offenders.
>
> Therapists and correctional officers widely agree that clinical rehabilitative programs can enable sex offenders to manage their impulses and in this way reduce recidivism. An important component of those rehabilitation programs requires participants to confront their past and accept responsibility for their misconduct. "Denial is generally regarded as a main impediment to successful therapy," and "[t]herapists depend on offenders' truthful description of events leading to past offenses in order to determine which behaviors need to be targeted in therapy." Research indicates that offenders who deny all allegations of sexual abuse are three times more likely to fail in treatment than those who admit even partial complicity.

*McKune v. Lile*, 536 U.S. 24, 33 (2002) (internal citations omitted) (alteration in original). The Supreme Court expressly held in *McKune* that the admission of guilt requirement is reasonably related to legitimate penological interests, and Kollock's lone contention challenging this relation failed to aver sufficient facts to overcome this existing precedent. Accordingly, we sustain Agency Respondents' preliminary

10

objections as they relate to the First Amendment of the United States and Pennsylvania Constitutions.

We now turn to Agency Respondents' demurrer regarding Kollock's claim that the admission of guilt requirement violates RLUIPA. In order to assert a claim for a violation of RLUIPA, an inmate must allege that he is (i) engaged in a religious exercise (ii) grounded in a sincerely held religious belief (iii) that is substantially burdened by a prison policy. 42 U.S.C. § 2000cc-1(a). Once an inmate makes this *prima facie* showing, the burden shifts to the government to show that its refusal to accommodate the prisoner's request for a religious accommodation is "in furtherance of a compelling government interest" and is "the least restrictive means of furthering that compelling governmental interest." *Id.* A governmental action or regulation creates a substantial burden on religious exercise if it truly pressures the offender to significantly modify his religious behavior and greatly violates his religious beliefs. *Adkins v. Kaspar*, 393 F.3d 559, 569-70 n. 37 (5th Cir. 2004), *cert. denied*, 545 U.S. 1104 (2005). Specifically:

> [T]he effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on one hand, enjoying some generally available, nontrivial benefit, and, on the other hand, following his religious beliefs. On the opposite end of the spectrum, however, government action or regulation does not rise to the level of a substantial burden on religious exercise if it merely prevents the adherent from enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed.

*Id.* at 570.

The only substantial burden Kollock claims is that Agency Respondents are using the Program as a condition for the benefit of parole, thus

11

forcing Kollock to choose between receiving this benefit or adhering to the tenets of his religion by not "bearing false witness" upon himself.  A fair reading of Kollock's pleading reveals that Kollock does not aver that DOC forced Kollock to participate in the Program, nor that parole is generally available to other inmates.  The admission of guilt requirement, as applied to Kollock, merely prevents Kollock from completing the Program and receiving a recommendation for parole from DOC.  A recommendation for parole is not a benefit generally available to other inmates, regardless of their religious beliefs.  Accordingly, we conclude that Kollock's pleadings have not established the necessary substantial burden to establish a *prima facie* case of a RLUIPA violation, and we sustain Agency Respondents' preliminary objections on this matter.

We last turn to Agency Respondents' preliminary objections to Kollock's final argument, that the admission of guilt requirement violates the RFPA. The General Assembly enacted the RFPA to enlarge constitutional protections against government intrusion on individual religious beliefs.  *See Brown v. City of Pittsburgh*, 586 F.3d 263, 285 (3d Cir. 2009).  Section 4 of the RFPA, 71 P.S. § 2404, provides that "an agency shall not substantially burden a person's free exercise of religion."  An agency "substantially burdens" the free exercise of religion when it does any of the following:

> (1)     Significantly constrains or inhibits conduct or expression mandated by a person's sincerely held religious beliefs.
>
> (2)     Significantly curtails a person's ability to express adherence to the person's religious faith.
>
> (3)     Denies a person a reasonable opportunity to engage in activities which are fundamental to the person's religion.

12

> (4) *Compels conduct or expression which violates a specific tenet of a person's religious faith*.

Section 3 of the RFPA, 71 P.S. § 2403 (emphasis added). With regard to inmate claims, however, Section 5(g) of the RFPA, 71 P.S. § 2405(g), provides:

> An agency shall be deemed not to have violated the provisions of this act if a rule, policy, action, omission or regulation of a correctional facility or its correctional employees *is reasonably related to legitimate penological interests, including* the deterrence of crime, the prudent use of institutional resources, *the rehabilitation of prisoners* or institutional security.

(Emphasis added.)

Here, just as in his RLUIPA claim, Kollock's challenge fails. The Program's admission of guilt requirement is reasonably related to DOC's legitimate penological interest of prisoner rehabilitation. *McKune*, 536 U.S. at 34. Thus, per Section 5(g) of the RFPA, the admission of guilt requirement does not violate Kollock's rights under the RFPA. Because the admission of guilt requirement does not violate the RFPA and Kollock has failed to allege any other burden placed on the exercise of his religion, he has failed to plead a violation of the RFPA as to survive Agency Respondents' demurrer.

Accordingly, in addition to sustaining Beemer's objections, we sustain Agency Respondents' preliminary objections and dismiss Kollock's petition for review.

_____
P. KEVIN BROBSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason P. Kollock, Lead Petitioner : 
and All Others Similarly Situated, : 
                         Petitioners : 
                                    : 
            v. :   No. 24 M.D. 2017
                                    : 
Bruce R. Beemer, Attorney General : 
of the Commonwealth of Pennsylvania : 
John E. Wetzel, Secretary, PA Dept. : 
of Corrections, Shirley Moore-Smeal, : 
Exec. Deputy Sec. PA-DOC Steven : 
Glunt, Deputy Sec. W.D., PA-DOC : 
Theron R. Perez, Esq., Chief Counsel, : 
PA-DOC John E. Tuttle, Acting Chair : 
of the Board, PBPP Alan Robinson, : 
Chief Counsel, PBPP Meghan M. Dade, : 
Exec. Dir. S.O.A.B., PBPP, : 
                      Respondents : 

# O R D E R

AND NOW, this 30th day of November, 2017, we SUSTAIN Respondents' preliminary objections and DISMISS Kollock's petition for review.

_____
P. KEVIN BROBSON, Judge